## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSHUA HOLLEN, on behalf of himself**
**and on behalf of all others similarly situated,**

     **Plaintiff,**

v.                             **Case No.:**

**COMMUNICATIONS UNLIMITED, INC.,**

     **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA HOLLEN ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, COMMUNICATIONS UNLIMITED, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage, failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sarasota County, Florida, which lies within the Middle District.

## PARTIES

4.      Plaintiff is a resident of Charlotte County, Florida.

5.      Defendant COMMUNICATIONS UNLIMITED, INC. operates a cable services company in Venice, in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Named Plaintiff JOSHUA HOLLEN was employed by Defendant as a cable technician.

10.     The putative class of similarly situated employees consists of all other cable technicians employed by Defendant within the last three years.  These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11.     At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12.     At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant COMMUNICATIONS UNLIMITED, INC. within the meaning of the FLSA.

2

13.     At all times material hereto, Defendant COMMUNICATIONS UNLIMITED, INC. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.     Defendant COMMUNICATIONS UNLIMITED, INC. continues to be an "employer" within the meaning of the FLSA.

15.     At all times material hereto, Defendant COMMUNICATIONS UNLIMITED, INC. was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16.     At all times relevant to this action, Defendant COMMUNICATIONS UNLIMITED, INC. engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17.     At all times relevant to this action, the annual gross sales volume of Defendant COMMUNICATIONS UNLIMITED, INC. exceeded $500,000 per year.

18.     Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

19.     At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

20.     Plaintiff JOSHUA HOLLEN began working for Defendant as a cable technician in October 2017, and he worked in this capacity until March 2019.

21.     At all times material hereto, Plaintiff and Members of the Class worked hours at the direction of Defendant, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

3

22.     At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

23.     By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

24.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b).  The Class is composed of cable technicians whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

26.     Therefore, notice is properly sent to: "All cable technicians whom Defendant failed to compensate for all of the overtime hours that they worked from July 2016 to the present."

27.     The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

28.     Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

29.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

30.     Defendant's failure to pay all overtime wages due at the premium rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

31.     Defendant's failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Class.

32.     Overall, Plaintiff's experience as a cable technician who worked for Defendant is typical of the experience of the Class.

33.     Specific job titles or job duties of the Class do not prevent collective treatment.

34.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

35.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 34 of this Complaint, as fully set forth herein.  Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).  Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

36.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

37.     Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

38.     The Members of the Class are similarly situated because they were all employed as cable technicians by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its cable technicians for all of the overtime hours that they worked in accordance with the FLSA.

39.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

40.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

> (a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class, at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h)     Judgment against Defendant stating that their violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## COUNT II – FLSA MINIMUM WAGE VIOLATION

42.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

43.     During the statutory period, Plaintiff and the Class worked for Defendant, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

44.     Defendant failed to compensate Plaintiff and the Class at a rate that was at least equal to the applicable federal minimum wage.

45.     The Members of the Class are similarly situated because they were all employed as cable technicians by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its cable technicians at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

46.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C).  As a result, Plaintiff and the Members of the Class who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

47.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

48.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

8

*WHEREFORE*, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Class;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and opt-in Members of the Class at the applicable statutory minimum wage, as liquidated damages;

9

(h)     Judgment against Defendant stating that its violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of August, 2019.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**Wenzel Fenton Cabassa, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**