**EXHIBIT 1**



# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I (sometimes hereafter referred to as "Applicant" or "Employee" as appropriate) understand that differences of opinion or disputes may arise between me and CU Employment, Inc. ("CU") before, during, or following my employment with CU. I understand and agree that by entering into this Agreement to Arbitrate Claims ("Agreement"), I will gain the benefits of a speedy and impartial dispute resolution procedure.

Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act either is inapplicable, or is held not to require arbitration of a particular claim or claims, the state law of the state where Employee was last employed, or where Applicant applied, shall apply.

I understand that any reference in this Agreement to "CU" will refer to CU Employment, Inc. as well as CU Employment, Inc.'s benefit plans' sponsors, fiduciaries, administrators, parent corporations, subsidiaries, other related entities, and affiliates, and all successors and assigns of any of them, as well as all stockholders, owners, managers, employees, insurers, attorneys, and agents allegedly acting in the scope of their relationship(s) with CU Employment, Inc.

<u>Claims Covered by the Agreement</u>

CU and I mutually agree to resolve by arbitration all claims or controversies ("claim" or "claims"), past, present or future, whether or not arising out of or related to my hiring, non-selection for employment, employment, or termination of employment, that CU may have against me or that I may have against CU or against its officers, directors, members, stockholders, employees, agents, contractors, insurers, and attorneys to the extent I assert a claim or claims against any of these designated individuals or entities based on alleged acts or omissions undertaken for, on behalf of, and/or within the line and scope of employment or agency with CU, i.e., a claim or claims relating to their official capacity for which I seek to impose, or could possibly impose, indirect, derivative, and/or vicarious liability against CU. I agree that my agreement to arbitrate claims against CU's officers, directors, members, stockholders, employees, agents, contractors, insurers, and attorneys in their official capacity applies even if I do not pursue my claim or claims against CU. I agree that the only claims that can be arbitrated are those that, if it were not for this Agreement, could have been lawfully filed and maintained in state or federal court.

This Agreement covers any and all disputes that arise between CU and me with the exception of claims that are expressly excluded from arbitration elsewhere in the Agreement. Examples of the kinds of claims that are covered by this Agreement include, but are not limited to:

- Claims for breach of any contract (express or implied);
- Tort claims;
- Equitable claims or theories;
- All matters directly or indirectly related to my application for employment, recruitment, hiring, employment, or termination of employment by CU, including but not limited to: claims for wages, salary, benefits, or other compensation due, claims for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 or any state law relating to the payment of wages and/or hours; claims under federal or state law involving discrimination, whether based on race, sex, religion, national origin, age, marital status, medical condition, handicap, disability, military or veteran status, or any other protected trait under state or federal law (this would include, for example, claims brought under Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Americans with Disabilities Act, the Family and Medical Leave Act and/or the Age Discrimination in Employment Act); and claims alleging CU retaliated against me for claiming any rights protected or arguably protected under any federal or state law, including but not limited to claims for workers' compensation retaliatory discharge.
- Claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance.

Except as otherwise provided in this Agreement, both CU and I agree that neither of us will file or pursue any lawsuit or administrative action (other than an administrative charge of discrimination within the jurisdiction of any state or federal agency) in any way related to any claim covered by this Agreement.

Additionally, the parties expressly agree and acknowledge that they are required by this Agreement to participate in bilateral arbitration that exclusively involves CU and I and that arbitration pursuant to the Agreement will not be conducted as a class action, collective action, or joint or consolidated action involving parties other than CU and I. With respect to any claim, the parties further expressly agree and acknowledge that they are waiving any of the following rights that they would have or may have had in the absence of the Agreement: (i) the right bring a claim or seek to bring a claim as class action or collective action; (ii) the right to join or attempt to join other persons or entities in a single action; (iii) the right to have the party's claim consolidated or to seek to have the party's claim consolidated with the claims of other persons or entities, and (iv) the right to participate in or attempt to participate in any class, collective, joint, or consolidated action or proceeding. The parties further expressly agree that the arbitrator selected pursuant to this Agreement (the "Arbitrator") may only resolve claims of CU and/or I and that the Arbitrator lacks the power to conduct any class, collective, joint, or consolidated proceedings.

Claims Not Covered by the Agreement

- Claims excluded from the Agreement are the following:
- Claims by me for workers' compensation benefits (other than retaliation claims noted above) or unemployment compensation benefits;
- Claims for benefits under a company benefit or pension plan that either (1) specifies that its claims procedure will culminate in an arbitration procedure different from this one, or (2) is underwritten by a commercial insurer that decides claims;
- Claims involving patents or inventions;
- Claims covered by the National Labor Relations Act; and
- Claims for exclusively injunctive and/or equitable relief, which do not seek monetary damages of any kind, that are based upon allegations of unfair competition, the use or unauthorized disclosure of trade secrets, and/or the disclosure of confidential information, as to which I understand and agree either party may seek and obtain relief from a court of competent jurisdiction.

Required Notice of All Claims and Statutes of Limitations

For my claim about which I file a timely Charge of Discrimination with the Equal Employment Opportunity Commission or corresponding state commission, if applicable, I agree that I must give written notice to CU of that claim within ninety (90) days after I have received a Dismissal and Notice of Rights, commonly known as a "right-to-sue letter," from the Equal Employment Opportunity Commission or corresponding state commission, if applicable. For all other claims, CU and I agree that the party seeking arbitration must give written notice of any claim to the other party no later than the applicable statute of limitations as may be prescribed by law. CU and I expressly agree and acknowledge, however, that the notice requirements set forth herein are not intended to extend, and will not have the effect of extending, any applicable statute of limitation prescribed by law.

Written notice to CU, or its officers, employees or agents, shall be sent to Business Manager, CU Employment, Inc., Post Office Box 362007, Birmingham, Alabama, 35236. I will be given written notice at the last address recorded in my personnel file or, if an Applicant, at the address listed on my application. I am responsible for notifying CU in writing of any address changes I may have.

The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. All notices required herein must be sent to the other party by certified or registered mail, return receipt requested.

Representation in Arbitration

Any party may be represented by an attorney or other representative selected by the party.

Discovery in Arbitration

The parties shall each be entitled to take the deposition of two individuals, not including expert witnesses identified by either party. Each party shall have the right to make thirty (30) requests for production to the other party. The Arbitrator shall have the discretion to order such other or additional discovery as may be necessary for the fair adjudication of claims upon a showing of good cause by the requesting party, taking into account each party's mutual desire to have a speedy, cost effective dispute resolution procedure.

Designation of Witnesses and Exhibits in Arbitration

At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any expert witnesses, and copies of all exhibits intended to be used at the arbitration.

Subpoenas in Arbitration

Each party can subpoena witnesses and documents for discovery and for the arbitration.

Arbitration Procedures

Unless otherwise agreed in writing by the parties, the arbitration will be held under the auspices of either the American Arbitration Association ("AAA") or Judicial Arbitration & Mediation Services, Inc. ("JAMS"). The party that did not make the claim for arbitration will have the right to choose whether AAA or JAMS will conduct the arbitration, after which the party making the claim for arbitration will continue to be responsible for formally filing a Demand for Arbitration with the designated arbitration entity.  The party attempting to institute a claim either in court or in arbitration will be the party deemed the party making the claim for purposes of this paragraph.

CU and I agree that the arbitration shall be conducted in accordance with the AAA's then-current employment arbitration procedures (if AAA is designated) or the then-current JAMS employment arbitration rules (if JAMS is designated) where the applicable arbitration rules establish policies and/or procedures that are: (A) not otherwise provided for in the Agreement, and (B) not inconsistent or in conflict with any specifically delineated policies and/or procedures in the Agreement. Subject to this requirement that the Agreement will control over applicable arbitration rules in the event or inconsistency or conflict, the Arbitrator must be either a retired judge, or an attorney licensed to practice law in the state in which the arbitration is convened. Unless stipulated to by the parties, the arbitration will be in or near the city where I was last employed by CU, am currently employed by CU, or where I applied to work for CU, if an Applicant.

The Arbitrator shall be selected as follows: The sponsoring organization will provide each party with a list of 11 arbitrators drawn from its panel of employment dispute arbitrators. Each party may strike all names on the list that the party finds unacceptable. If only one common name remains on the lists of all parties, that individual will be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties are to strike names alternately from the list of common names until only one name is left. The party who did not initiate the claim will strike first. If no common name exists on the lists of all parties, the sponsoring organization shall furnish an additional list and the parties will repeat the process. If no arbitrator has been selected after two lists have been distributed, then the parties shall strike alternately from a third list, with the party initiating the claim striking first, until only one name remains. That person shall be designated as the Arbitrator.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted (sometimes collectively referred to as "Applicable Substantive Law"). The Arbitrator has no jurisdiction to apply any different substantive law or law of remedies.

The Arbitrator shall render a written award and opinion with findings of fact and conclusions of law.

As further addressed below, the Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable. To the extent the Arbitrator determines that all or any part of this Agreement is voidable as unconscionable, violative of public policy, or otherwise under Applicable Substantive Law, the Arbitrator shall have the power and obligation to modify or sever any offending provision from the Agreement so that the remainder of the Agreement can be enforced unless expressly prohibited by Applicable Substantive Law from doing so. The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. Summary judgment shall not be disfavored under this agreement and the Arbitrator shall entertain a motion to dismiss and/or a motion for summary judgment, taking into account the parties' mutual desire to have a speedy, cost-effective dispute-resolution procedure.

Either party may obtain a court reporter to provide a stenographic record of proceedings at his, her, or its own costs.

Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief before the Arbitrator issues an opinion. The time for filing such a brief shall be set by the Arbitrator but shall not be less than twenty-one (21) days.

Either party shall have the right, within twenty (20) days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have twenty (20) days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the motion and promptly either confirm or change the decision, which (except as provided by this Agreement) shall then be final and conclusive upon the parties.

<u>Intention that Arbitrator Decide "Gateway" Questions of Arbitrability</u>

The parties expressly agree and acknowledge their "clear and unmistakable" intent, consistent with *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995), for this Agreement to cover all "Gateway" questions of arbitrability. Accordingly, the parties agree that the Arbitrator, and not a court or agency, will decide all questions of arbitrability, specifically including but not limited to whether the parties entered into an agreement to arbitrate; whether the Agreement covers a particular controversy; whether the Agreement is enforceable; whether the Agreement is unconscionable, otherwise voidable, or void; and whether the Agreement can be enforced even if unconscionable or otherwise voidable through modification or severance of any offending provision in the Agreement.

<u>Arbitration Fees and Costs</u>

CU and I agree that the party initiating the claim shall be responsible for paying any filing fee of the designated arbitration entity (AAA or JAMS) and that all other fees and costs imposed by the designated arbitration entity, including but not limited to the Arbitrator's fees, relating to the claim shall be shared equally by CU and me. If a party files a claim in Court that is subject to this Agreement, that party will be responsible for paying the filing fees for both the incorrectly filed court claim and any subsequent arbitration claim.

Each party shall be responsible for the payment of all other costs and expenses it, he, or she incurs as a result of Arbitration, specifically including a party's own attorney's fees, if any, except as otherwise provided in the Agreement. However, if any party prevails on a statutory claim which affords the prevailing party attorney's fees, or if there is a written agreement providing for an award of attorney's fees, the Arbitrator may award reasonable fees to the prevailing party, under the standards for fees shifting provided by the applicable law.

Except when express provision therefore is made under or express prohibition established by Applicable Substantive Law, costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the Arbitrator otherwise directs. The party seeking an award of costs must serve a motion to recover costs for the Arbitrator's review within five (5) days after the award.

Notwithstanding any of the foregoing, the parties expressly agree and acknowledge that the provisions in the Agreement regarding the allocation of any costs and/or fees imposed by the designated arbitration entity are subject to the following conditions:

(A) to the extent that Applicable Substantive Law establishes a per se prohibition on either party bearing any specific type of imposed arbitration fees and/or costs (*e.g.*, the Arbitrator's fees) or establishes a per se prohibition on the total amount of imposed arbitration fees and/or costs that either party may be required to bear (*e.g.*, no more than the amount of the court filing fee the party would have been required to pay in the absence of the Agreement), the parties agree and acknowledge that the party protected by any such pro se prohibition shall only be responsible for payment of imposed arbitration fees and/or expenses to the maximum extent permitted by Applicable Substantive Law, with all remaining imposed arbitration fees and costs being allocated to the party not benefitted by such pro se prohibition, and

(B) the Arbitrator shall have the right and obligation to adjust the allocation of the parties' respective financial responsibility for the payment of fees and/or costs imposed by the designated arbitration entity, including the filing fee, where (i) the applicable arbitration rules mandate a different allocation, (ii) in the absence of an adjustment, the Agreement would impose an unreasonable or prohibitively expensive burden on a party that would impair the party's ability to vindicate any statutory rights or would otherwise make the Agreement unconscionable, or (C) where allocation of is necessary to ensure that the Agreement is conscionable or otherwise enforceable .

The parties expressly agree and acknowledge that whether and to what extent these conditions on the allocation of imposed arbitration fees and/or costs apply are questions to be exclusively determined by the Arbitrator as "Gateway" questions of arbitrability. Accordingly, the parties further agree and acknowledge that they have no right to obtain a court or agency determination that the Agreement is unenforceable in whole or in part based on the default terms regarding the allocation of imposed arbitration fees and expenses.

Judicial Review

Either party may bring an action in any court of competent jurisdiction to compel the other party to arbitrate his, her, or its claim pursuant to this Agreement and/or to enforce an arbitration award issued pursuant to the Agreement. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury, provided Applicable Substantive Law does not prohibit the parties from agreeing on the applicable standard of review.

Confidentiality

All aspects of the proceedings, including any settlement negotiations that may arise during the proceedings, shall be confidential except (1) to the extent both CU and Employee or Applicant agree otherwise, in writing; (2) as may be appropriate in any subsequent proceeding between the parties; or (3) as may otherwise be appropriate in response to a governmental agency or legal process.

Interstate Commerce

I understand and agree that CU is engaged in transactions involving interstate commerce; that my employment with CU involves, if an Applicant would involve, interstate commerce within the meaning of the Federal Arbitration Act; and that the Federal Arbitration Act applies to this Agreement.

Requirements for Modification or Revocation

This Agreement to arbitrate shall survive the termination of my employment and the expiration of any company pension or benefit plan. The Agreement may only be modified, in whole or part, or terminated by the President of CU only after the President of CU provides at least 30 days written notice of such modification or termination to employees or to Applicant, and only with respect to claims submitted under the Agreement which are received after the effective date of such modification or termination. The Agreement in effect at the time a claim is received by CU shall govern the process by which the claim is determined.

Sole and Entire Agreement

This is the complete agreement of the parties on the subject of arbitration of disputes, except for any arbitration agreement signed in connection with any company pension or benefit plan that is expressly accepted from this Agreement. This Agreement supersedes any prior or other oral or written understanding on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

Severability

If any provision of this Agreement is found to be void or otherwise unenforceable under Applicable Substantive Law, in whole or in part, with the parties expressly acknowledging that they have agreed that the Arbitrator is exclusively responsible for making this determination, such finding shall not affect the validity of the remainder of the Agreement. Instead, the Arbitrator shall modify or severe any offending provision and enforce the Agreement as modified.

Consideration

The promises by CU and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide sufficient consideration for each other.

Not an Employment Agreement

This Agreement does not create, and shall not be construed to create, any contract for employment, express or implied. This Agreement does not in any way alter the "at-will" status of an Employee nor does this Agreement guarantee an offer of employment to any Applicant.

Acceptance/Voluntary Agreement

The submission of an application, acceptance of employment or the continuation of employment by an individual shall be deemed to be, and shall constitute, acceptance of this Agreement. No signature shall be required for this Agreement to be applicable. The mutual obligations set forth in this Agreement shall constitute a contract between Employee and CU but shall not change Employee's at-will relationship with CU. Similarly, the mutual obligations set forth in this Agreement shall constitute a contract between Applicant and CU but shall not guarantee an offer of an employment will be extended. This Agreement shall constitute the entire agreement between Applicant/Employee and CU for the resolution of claims covered by this Agreement.

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN CU EMPLOYMENT, INC. AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY OR ATTRIBUTABLE TO CU EMPLOYMENT, INC. OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

**joshuahollen** Digitally signed by joshuahollen
Date: 2017.10.06 11:48:13 -04'00'

10/06/2017

Employee Signature                                    Date

**Joshua Hollen**

Print Name

*CU Employment, Inc.*

By: _____                    _____

Signature of Authorized Representative              Date

Ofice Manager

Title